DETERMINED IN THE

# SECOND DEPARTMENT,

AT

# GENERAL TERM,

## December, 1878.

---

JOSEPH W. MARSHALL, RESPONDENT, *v.* JULIUS LIPP-
MAN AND MORRIS SHILBERG, APPELLANTS, IMPLEADED
WITH HERMAN STERNBERGH.

## SAME *v.* SAME.

*Assignment of lease — privity between the lessor and the assignees of his lessee —
Proof by subscribing witness — when waived.*

May 25, 1874, plaintiff leased certain premises to one Sternbergh for five years.
In June, 1874, Sternbergh assigned the lease, subject to the rents and condi-
tions thereof, to L. & S., who entered into possession and paid the rent in the
name of Sternbergh. Subsequently Sternbergh assigned to the plaintiff all his
claim against L. & S. for all accruing rents from the date of such assigment.
*Held,* that these facts established a privity of contract between the plaintiff and
L. & S., and that an action would lie by the former against them to recover
the rent reserved by the lease.
The objection that an instrument was not proved by the subscribing witness, if
not taken at the trial, is waived.

APPEAL from a judgment of the County Court of Kings county,
affirming a judgment of a Justice's Court in favor of the plaintiff.
The action was commenced before a justice of the peace, on the
8th day of November, 1877. The plaintiff, in his complaint,

alleged that the defendants were indebted to him in the sum of $125, with interest, for two months' rent of premises No. 96 Ewen street, from the 19th day of April to the 25th day of June, inclusive, in the year 1877, at $62.50 per month. The defendants Lippman and Shilberg answered by a general denial. The defendant Hiram Sternbergh appeared, but made no defense. It appears from the evidence that on the 25th day of May, 1874, the plaintiff leased the said premises, No. 96 Ewen street, to the defendant, Herman Sternbergh, for five years, from May 25th, 1874, at the yearly rent of $750, to be paid in equal monthly payments in advance; that on the 10th day of June, 1874, the defendant, Herman Sternbergh, in consideration of $200 assigned said lease to the defendants and appellants, Julius Lippman and Morris Shilberg, subject to the rents, covenants, conditions and provisions therein mentioned. They entered upon and occupied said premises and paid rent thereunder, in the name of Sternbergh, to the plaintiff; that on the 10th day of March, 1876, said defendant, Herman Sternbergh, executed and delivered to the plaintiff an instrument in the nature, and having the force of an assignment to the plaintiff of all the claim of said Herman Sternbergh against Lippman and Shilberg, for all accruing rent from the date thereof.

*M. Holheimer*, for the appellants.

*H. D. Birdsall*, for the respondent.

BARNARD, P. J.:

The plaintiff demised to defendant Sternbergh certain premises in Ewen street, Brooklyn, for five years from 25th May, 1874. In June, 1874, Sternbergh assigned the lease to defendants Lippman and Shilberg, who entered into possession, and paid rent therefor in the name of Sternbergh for about three years. Sternbergh has assigned all his interest to the rents reserved by the lease to plaintiff. The plaintiff brings these actions for rent against Sternbergh, Lippman and Shilberg. The objection that the three defendants could not be joined in one action is too late. Unless such objection is taken by answer it is to be deemed waived. (Code of Civil Procedure, §§ 498, 499.) It is no answer to the

objection, that the complaint was too indefinite. The defendants should have required it to be made more definite, and then demurred for misjoinder of parties defendant. The complaint did not refer to the premises for which rent was claimed, and this was sufficient notice of the facts upon which the plaintiff made the joint claim against all the defendants. Sternbergh made no defense, and does not appeal. The other two defendants are the assignees of the lease. They entered into possession as such. They paid rent to the landlord repeatedly, as they were bound to do, by taking the lease subject to the rents reserved. They paid no rent to Sternbergh. The proof made out privity of contract between plaintiff and Lippman and Shilberg. (*McFarlan* v. *Watson*, 3 N. Y., 286.)

The objection that the papers were proven on the trial by proving the signature of the parties to them, by other evidence than the evidence of the subscribing witness, cannot be held error, because there was no such objection taken on the trial. By not taking this specific objection the defendants waived it. The inference is that, if taken, the subscribing witness would have been called. The question whether Levy occupied the premises in fact was immaterial, and, therefore, it was not erroneous to reject an offer to prove it. The question was whether Lippman and Shilberg *were liable.* If they were, Levy was their tenant.

Judgment should be affirmed, with costs.

GILBERT and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.